29853. ROWAN v. ROWAN.

NICHOLS, Chief Justice.
William Clarence Rowan was held in contempt of court for failure to make child support payments as provided for in a divorce decree and for the failure to pay for "insurance" on the marital home as required by such decree. The appeal is from this judgment. The appellant was required to pay $100 per month child support for each of three children "until such time as the child shall attain the age of 21 years, marries, dies, or becomes otherwise

self-supporting . . ." The decree also required the husband "to pay insurance" on the marital home which was conveyed to the wife.

1. While the trial court made a finding of fact that the former husband "made a unilateral determination without the consent or approval of the court to terminate support payments . . ." the judgment holding the former husband in contempt of court was not, as contended by the former husband, because he made such "unilateral determination" but because he failed to make the child support and alimony payments required by the decree.

2. The judgment appealed from was rendered after a hearing which was begun on November 21, 1974 and recessed until December 3, 1974. Only that part of the hearing had on December 3 was reported. At the beginning of the hearing on December 3, the trial court stated: "The court in reaching a decision in this case will take into consideration the oral testimony given at the November 21 hearing as well as any other evidence which might be submitted today."

Thereafter, certain stipulations were entered into as to some of the testimony presented at the November hearing, but from a comparison of such stipulation and the findings of fact made by the trial court it is obvious that such stipulations were not all inclusive of the evidence previously adduced.

From a review of the stipulations and the evidence adduced at the December 3 hearing, it is obvious that the couple's son did have substantial income during the 22-month period prior to his attaining age 21 and during which period the former husband discontinued making child support payments. It is also obvious that during such period of time the former wife provided him with food, clothing and shelter, that the son had been hospitalized for a part of such period and that a finding that he had not become "self-supporting" was authorized.

3. The record before this court does not show whether the couple's daughter was employed full-time or part-time during the two months prior to her marriage during which time the former husband refused to make child support payments for her. Thus, the evidence as to the daughter did not demand a finding that she was

"self-supporting."

4. The trial court found that the former husband had failed to pay for "insurance on the marital home for a period of two years, the total of said premiums amounts to $220." At the December 3 hearing, two contentions were made by the former husband, to wit: There was no showing that this was strictly hazard insurance and the house was now paid for. Under the agreement, which was made part of the divorce decree, the former husband's responsibility to pay for insurance on the marital home was not limited to the time prior to the satisfaction of an indebtedness owed on such property at the time the decree was entered. As to the second contention the record discloses that the wife testified that $220 was the cost of the insurance policy on the house, and the record is silent as to whether such policy did, in fact, cover any item for which the former husband would not be responsible. Mere speculation that such policy may have included such an item would not require a finding that the former husband would be justified in making no payment for insurance on the marital home as required by the decree.

5. While the trial court did not expressly find "whether or not . . . [each child] . . . was self-supporting," the judgment finding the defendant former husband in contempt of court for failure to make child support payments for each child of necessity included such a determination.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1975 — DECIDED
APRIL 29, 1975.

*Coleman & Kitchens, William H. Kitchens,* for appellant.

*Bennett, Saliba & Wisenbaker, Walter Newsom,* for appellee.